**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4478-18T2

RONALD RICE,

    Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

    Respondent.

_____

Submitted December 8, 2020 – Decided December 30, 2020

Before Judges Haas and Natali.

On appeal from the New Jersey Department of Corrections.

Ronald Rice, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Sookie Bae, Assistant Attorney General, of counsel; Christopher C. Josephson, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Ronald Rice challenges an April 30, 2019 New Jersey Department of Corrections (DOC) final agency decision regarding the calculation of his parole eligibility date (PED). He argues that the DOC incorrectly aggregated his multiple sentences when calculating his PED and failed to correctly apply his jail credits. After carefully reviewing the record, we affirm the DOC's final agency decision regarding the aggregation issue, but remand for the DOC to provide more detailed support for its decision to apply 481 days in jail credits.

I.

Appellant is an inmate at Bayside State Prison serving an aggregate life sentence with a thirty-two year period of parole ineligibility for manslaughter, N.J.S.A. 2C:11-4; two counts of robbery, N.J.S.A. 2C:15-1; aggravated assault, N.J.S.A. 2C:12-1; two counts of unlawful possession of a weapon, N.J.S.A. 2C:39-5; three counts of possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4; and possession of a defaced weapon, N.J.S.A. 2C:39-3. We begin with a review of appellant's convictions and the jail credits he received for each.

2                                                                                          A-4478-18T2

Essex County Indictment No. 90-4-1552

Appellant was found guilty of one count of manslaughter and was sentenced on February 28, 1991 to an aggregate term of thirty years with a parole ineligibility period of twelve-and one-half years. Appellant was awarded 330 days of jail credits for the period between his initial arrest on April 5, 1990 through the date of conviction on February 28, 1991.

Essex County Indictment No. 90-4-1947

Appellant pled guilty to one count of robbery, N.J.S.A. 2C:15-1; aggravated assault, N.J.S.A. 2C:12-1(b)(4); possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a); and possession of a defaced weapon, N.J.S.A. 2C:39-3(d). Appellant was sentenced on April 21, 1992 to an aggregate term of twenty years with a seven-year period of parole ineligibility. He was credited with 151 days of jail credits for the period between his arrest on July 27, 1989 through his assumed release from custody on December 23, 1989. Appellant's sentence was made "concurrent with [the] present term [he was then] serving."

Union County Indictment No. 90-07-1267

Appellant was found guilty of robbery, N.J.S.A. 2C:15-1; unlawful possession of a weapon, N.J.S.A. 2C:39-5(b); and possession of a weapon for

3

an unlawful purpose, N.J.S.A. 2C:39-4(a). He was sentenced on October 1, 1993 to life imprisonment with a twenty-five-year period of parole ineligibility "consecutive to the sentence which [appellant] is presently serving." Appellant was also awarded 330 days of jail credits for the period between his arrest on April 5, 1990 through his conviction under Indictment No. 1552[1] on February 28, 1991.

Re-Sentencing on Indictment No. 1552

On September 12, 1996, the trial court granted appellant's post-conviction relief application for a new trial related to Indictment No. 1552 and vacated his conviction. He was subsequently found guilty of reckless manslaughter, N.J.S.A. 2C:11-4; unlawful possession of a weapon, N.J.S.A. 2C-39-5(b); and possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a). The judgment of conviction (JOC) reflects that appellant was sentenced on November 20, 1997 to a twenty-year prison term with a ten-year period of parole ineligibility, "concurrent to the sentences imposed under Judge Feinberg [Indictment No. 1947] and Judge Triarsi [Indictment No. 1267] now being served." Appellant was also awarded 758 days of jail credits for the period

---

[1] For ease of reference, from this point forward, we refer only to the last four digits of the indictment numbers.

between April 5, 1990, his initial arrest under Indictment No. 1552, and April 27, 1992.[2]

On July 22, 2018, appellant submitted an inmate grievance form alleging that the DOC erroneously calculated his PED. Specifically, appellant maintained that his PED should be November 20, 2020, not November 20, 2022. The DOC denied the grievance and stated that "according to [the] judgment of conviction[,] Indictment [No.] 1267 . . . is to run consecutive to [Indictment No. 1947]. If you feel this is an error[,] you must contact the courts and have them amend[] your judgment to reflect concurrent. You[r] last [I]ndictment [No. 1552] is wholly absorbed by the controlling term."

On August 8, 2018, appellant challenged the grievance decision. He asserted that his sentence under Indictment No. 1947 should have been absorbed under Indictment No. 1267. Moreover, appellant contended that there was "nothing . . . in the file from the courts [that] say[s] . . . [Indictment No. 1267 is] consecutive to [Indictment No. 1947]." The DOC denied appellants appeal and stated that:

> Indictment [No. 1267] under count [number] 1 clearly
> states the count is to run consecutive to the sentence
> you were currently serving at that time which is

---

[2] We cannot discern from the record why the period for jail credits contained in the November 20, 1997 JOC ends on April 27, 1992.

A-4478-18T2

[I]ndictment [No. 1947] that is why this sentence cannot be wholly absorbed. Your life sentence became the controlling maximum sentence and your mandatory minimum from both indictments aggregated together totals [thirty-two] years which expires [on December 26, 2022].

On December 3, 2018, appellant again challenged the DOC's calculation of his PED in a letter to the Bayside State Prison Administrator claiming that his PED of December 26, 2022 was incorrect. In that correspondence, however, appellant acknowledged that the JOC for Indictment No. 1267 included a "consecutive" sentence. He stated:

[m]y third conviction and sentence was had on October 1, 1993, on [Indictment No. 1267] and I received a sentence of ([l]ife [with a] 25 year [stipulation]) out of Union County. I was awarded 330 days of jail credits and it was ordered to be served consecutive to my [first] Essex County [Indictment No. 1552].

On January 15, 2019, the DOC again rejected appellant's challenge to the calculation of his PED and stated:

[Y]our time is entered accurately. [The] [s]entence [under Indictment No.] 1267 . . . with [twenty-five] year mandatory minimum reads "consecutive to sentence which [appellant] is presently serving." In this case, that is [Indictment No. 1947].

. . . .

"Life" is your controlling max date. A seven year [mandatory minimum] plus the additional consecutive

[twenty-five-year mandatory minimum equals thirty-two years] with 481 jail credits awarded. The calculation you included confirms this.

On April 21, 2019, appellant again wrote to the DOC asserting that his PED was inaccurately calculated. Appellant reiterated that the sentence under Indictment No. 1267 should not be consecutive to Indictment No. 1947. Appellant further maintained that "[n]owhere inside of [Indictment No. 1267's JOC] does it state or have any of the Essex [County] indictment numbers." Appellant also claimed that Indictment No. 1267 only states that "'this sentence is consecutive to [his] Essex [County] sentence' [under Indictment No. 1552] (singular)."

On April 30, 2019, the Bayside State Prison Administrator responded to appellant and stated that "[he had] found the latest information provided to [appellant in the] . . . January 15, 2019 [decision], to be complete and accurate." The Administrator further informed the appellant that "although [he] followed the proper steps in the remedy system, it has resulted in no further changes to [his] calculation time." The Administrator also provided that if the appellant feels "there is an error on [his] JOC, [he] must contact the court to determine if an amendment is warranted." This appeal followed.

A-4478-18T2

On appeal, appellant contends the sentence under Indictment No. 1267 did not run consecutively to his sentence under Indictment No. 1947, and therefore, his December 26, 2022 PED is incorrect. We disagree and conclude that the DOC properly aggregated his sentences under Indictment Nos. 1267 and 1947 when computing his PED.

"[A] presumption of reasonableness attaches to the action of an administrative agency and the party who challenges the validity of that action has the burden of showing that it was arbitrary, unreasonable or capricious." Barone v. Dep't. of Human Servs., 210 N.J. Super. 276, 285 (App. Div. 1986), aff'd, 107 N.J. 355 (1987). We will not disturb an agency's decision unless it is arbitrary, capricious, or unreasonable, or unsupported by substantial credible evidence in the record. Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980); see also In re Taylor, 158 N.J. 644, 657 (1999).

Pursuant to N.J.S.A. 30:4-123.51(h), "when an inmate is sentenced to more than one term of imprisonment, the primary parole eligibility terms calculated pursuant to this section shall be aggregated by the board for the purpose of determining the primary [PED]." N.J.S.A. 2C:44-5(e)(1) further provides that "when terms of imprisonment run concurrently, the shorter terms

merge in and are satisfied by discharge of the longest term." Likewise, N.J.S.A. 2C:44-5(e)(2), states that "when terms of imprisonment run consecutively, the terms are added to arrive at an aggregate term to be served equal to the sum of all terms."

N.J.S.A. 30:4-123.51(h) further notes that "[t]he board shall promulgate rules and regulations to govern aggregation under this subsection." Accordingly, N.J.A.C. 10A:71-3.2(d), states that "[w]hen a consecutive term is imposed, the parole eligibility term derived from the consecutive term, less county jail credits, shall be added to the parole eligibility term derived from the original term, less county jail credits, to determine the aggregate parole eligibility term."

Here, the DOC correctly aggregated defendant's sentence under Indictment Nos. 1267 and 1947 pursuant to N.J.S.A. 2C:44-5(e)(1) and (2), resulting in a thirty-two-year period of parole ineligibility. The January 15, 2019 final agency decision noted that pursuant to the JOC for Indictment No. 1267 defendant was sentenced consecutive "to [the] sentence which [appellant] is presently serving." The decision further stated that "[i]n this case, that is [Indictment No. 1947]." Accordingly, the decision stated that "'Life' is [the] controlling max date. A seven year [mandatory minimum] plus the additional

consecutive [twenty-five-year mandatory minimum equals thirty-two years]." Because the sentence imposed under the November 20, 1997 JOC was 'concurrent' to those imposed under Indictments Nos. 1947 and 1267, it was properly merged with Indictment No. 1267's life sentence. N.J.S.A. 2C:44-5(e)(1). The DOC's final agency decision was based on sufficient credible evidence in the record, was consistent with controlling law and was therefore neither arbitrary, capricious, nor unreasonable. Henry, 81 N.J. at 579-80.

We reject appellant's argument that the DOC improperly refused to consider the October 1, 1993 sentencing transcript for Indictment No. 1267 in its calculation of the PED. Specifically, appellant maintains that the transcript is dispositive of his claim that Indictment No. 1267 was not consecutive to Indictment No. 1947. The limited transcript of defendant's sentence, however, provides no support for his claim, as the sentencing judge clearly stated "there must be separate and distinct punishment and I therefore direct that this be served consecutively to what you are serving now."

Further, the corresponding JOC for Indictment No. 1267 clearly provides that the "sentence is to be served consecutive to the sentence which defendant is presently serving" and the DOC's aggregation decision here was correctly based on the terms of that JOC. See Glover v. State Parole Board, 271 N.J. Super.

10

420, 423 (App. Div. 1994) (holding that "the Parole Board's obligation is the administration of the parole process for each defendant but within the parameters of and in compliance with the terms of the sentence imposed by the trial court").

III.

Appellant also contends the DOC incorrectly computed the amount of his jail credits. He specifically argues that the DOC should have applied the 758 days of jail credits awarded in the November 20, 1997 JOC for Indictment No. 1552. As the DOC failed to explain adequately its basis for declining to apply any portion of the award of jail credits under the November 20, 1997 JOC, we remand for it to provide a supplemental statement of reasons.

Pursuant to Rule 3:21-8, a defendant "shall receive credit on the term of a custodial sentence for any time served in custody in jail . . . between arrest and the imposition of sentence." Accordingly, jail credits are "day-for-day credits." Buncie v. Dep't of Corr., 382 N.J. Super. 214, 217 (App. Div. 2005). They are applied to the "front end" of a defendant's sentence. Booker v. N.J. State Parole Bd., 136 N.J. 257, 263 (1994). Jail credits therefore reduce a defendant's overall sentence and any term of parole ineligibility. State v. Rippy, 431 N.J. Super. 338, 348 (App. Div. 2013); State v. Mastapeter, 290 N.J. Super. 56, 64 (App.

Div. 1996). Moreover, jail credits prevent a defendant from serving double punishment because without them, time spent in custody before sentencing would not count toward the sentence. State v. Rawls, 219 N.J. 185, 193 (2014).

The DOC denied appellant's request for the 758 days in jail credits stating that, "under N.J.S.A. 2C:44-5(e), the concurrent sentence imposed [under Indictment No. 1552] was absorbed by the controlling [l]ife sentence imposed [under Indictment No. 1267], and thus, the jail credits awarded under [Indictment No. 1552] cannot reduce the aggregated mandatory minimum." N.J.S.A. 2C:44-5(e), however, does not include any reference to the calculation of jail credits and thus does not textually support the DOC's position that jail credits awarded under a separate JOC are disregarded when a concurrent sentence is "absorbed." The DOC also has not provided us with any other authority to support its proposition.

Here, it appears that the November 20, 1997 JOC for Indictment No. 1552 awarded appellant jail credits in accordance with Rule 3:21-8 for the period between his initial arrest under Indictment No. 1552 and his subsequent conviction on February 21, 1992 under Indictment No. 1947. As defendant's successful PCR application vacated his prior conviction under the February 28, 1991 JOC for Indictment No. 1552, the November 20, 1997 sentencing court

awarded appellant jail credits for his entire time spent in custody until his conviction under Indictment No. 1947. The DOC's final agency decision, however, fails to adequately address why it did not apply any jail credits awarded under the November 20, 1997 JOC under the circumstances here when appellant's conviction for manslaughter under the February 28, 1991 JOC was vacated. We accordingly remand for the DOC to explain further its decision on the issue of the applicable jail credits and the effect, if any, on the appellant's PED.

To the extent we have not addressed any of appellant's remaining arguments it is because we conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed in part and remanded in part. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-4478-18T2